UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHERYL ANN HOVDA,

                Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security[1],

                Defendant.

CASE NO. C16-5364-RAJ-MAT

REPORT AND RECOMMENDATION

Plaintiff Cheryl Ann Hovda proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's application for Disability Insurance Benefits (DIB) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court recommends that this matter be AFFIRMED.

///

///

---

[1] Nancy Berryhill is now the acting Commissioner of the Social Security Administration. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit. The Clerk is directed to update the docket, and all future filings by the parties should reflect this change.

REPORT AND RECOMMENDATION
PAGE - 1

## FACTS AND PROCEDURAL HISTORY

Plaintiff was born on XXXX, 1954.[2] She has an associate's degree and previously served in the U.S. Army, and subsequently worked on her farm and as a real estate agent. (AR 42-43, 48-50, 192, 221-22.)

Plaintiff filed an application for DIB on January 8, 2015, alleging disability beginning August 1, 2003. (AR 158-59.) Plaintiff's date last insured (DLI) is December 31, 2011. (AR 236.) Her application was denied at the initial level and on reconsideration, and she requested a hearing. (AR 108-10, 112-15.)

On September 28, 2015, ALJ David Johnson held a hearing, taking testimony from Plaintiff, a medical expert (ME), and a vocational expert. (AR 31-87.) On November 12, 2015, the ALJ issued a decision finding Plaintiff not disabled. (AR 19-26.) The Appeals Council denied Plaintiff's request for review on March 17, 2016 (AR 1-6), making the ALJ's decision the final decision of the Commissioner. Plaintiff now seeks judicial review.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found Plaintiff had worked after the alleged onset date, from January 2004 through January 31, 2006, and thus Plaintiff was

---

[2] Plaintiff's date of birth is redacted back to the year of birth in accordance with Federal Rule of Civil Procedure 5.2(a) and the General Order of the Court regarding Public Access to Electronic Case Files, pursuant to the official policy on privacy adopted by the Judicial Conference of the United States.

not disabled during this time period. (AR 21-22.)

The ALJ proceeded to step two (as alternative findings for the period between the alleged onset date and January 31, 2006, and primary findings for the period between January 31, 2006 and the DLI). At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found that Plaintiff's post-traumatic stress disorder (PTSD), major depressive disorder, and obesity were medically determinable, but not severe either singly or in combination. (AR 22-26.) Because the ALJ found that Plaintiff did not have any severe impairments, the ALJ's inquiry ended at step two.

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in (1) finding no medically determinable impairments at step two, (2) discounting the U.S. Department of Veterans Affairs (VA) rating and evidence; and (3) assessing Plaintiff's RFC and entering findings at steps four and five. Dkt. 10 at 1.[3] The Commissioner argues the ALJ's decision is supported by substantial evidence and should be

---

[3] Plaintiff's opening brief identifies these issues as described here, although the ALJ's decision specifically identifies medically determinable impairments at step two, and does not assess Plaintiff's RFC or enter findings at steps four or five. (AR 19-26.)

1  affirmed.

## Severe impairments

At step two, a claimant must make a threshold showing that her medically determinable impairments significantly limit her ability to perform basic work activities. *See Bowen v. Yuckert*, 482 U.S. 137, 145 (1987); 20 C.F.R. §§ 404.1520(c), 416.920(c). "Basic work activities" refers to "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1521(b), 416.921(b). "An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality that has 'no more than a minimal effect on an individual's ability to work.'" *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (quoting Social Security Ruling (SSR) 85-28, 1985 WL 56856, at *3 (Jan. 1, 1985)). "[T]he step two inquiry is a de minimis screening device to dispose of groundless claims." *Id*. (citing *Bowen*, 482 U.S. at 153-54). An ALJ is also required to consider the "combined effect" of an individual's impairments in considering severity. *Id*.

In this case, the ALJ noted the record contained only two medical records that date to the adjudicated period (August 1, 2003, though December 31, 2011): an October 7, 2003 VA medical evaluation report, and a physical examination report dated April 8, 2009. (AR 23-24 (referencing AR 520-21, 547-56).) The ALJ explained that the remainder of the record either predated or post-dated the adjudicated period. (AR 24.) An ME testified at the administrative hearing, and indicated that the record was too sparse to permit him to form an opinion regarding the functional impact of Plaintiff's depression and PTSD. (AR 72-73.)

Plaintiff's briefing assumes that the ALJ found that none of Plaintiff's impairments were medically determinable, and that the ALJ rejected the ME's testimony that Plaintiff's impairments were medically determinable. Dkt. 10 at 5-10. The ALJ did, in fact, find that Plaintiff had

REPORT AND RECOMMENDATION
PAGE - 4

medically determinable impairments, but found that the record did not indicate that those impairments were severe during the adjudicated period. (AR 22.) Thus, much of Plaintiff's argument does not correspond to the ALJ's actual findings.

To the extent that Plaintiff contends that the records relied upon by the ALJ actually suggest significant functional impairment, contrary to the ALJ's findings, Plaintiff's argument is not persuasive. The 2009 physical examination does not mention any functional limitations. The 2003 evaluation report does mention symptoms, but the ALJ noted that Plaintiff worked for more than two years after this evaluation and did not seek any mental health treatment at any point after this evaluation throughout the remainder of the adjudicated period. (AR 24-25.) The ALJ also noted that the Commissioner's 12-month durational requirement (20 C.F.R. §§ 404.1505, 404.1509) could not be satisfied by the 2003 evaluation report, because there were no other records indicating that the symptoms documented in 2003 persisted for at least 12 months. (AR 25.)

Plaintiff has not cited any evidence showing that the ALJ's findings with regard to the severity of Plaintiff's impairments lacked the support of substantial evidence or were legally erroneous. Instead, Plaintiff's arguments appear confused as to the distinction between a medically determinable impairment and a severe impairment, and Plaintiff's opening brief does not address the ALJ's finding regarding the durational requirement.[4] Accordingly, Plaintiff did not meet her burden to show legal error in the ALJ's step-two findings.

### Plaintiff's VA disability rating

Plaintiff contends the ALJ erred in discounting the VA rating of 70% impairment as of her

---

[4] Plaintiff's reply brief indicates that she "does not wish to waste this Court's time regarding the Commissioner's waiver and other 12-month period arguments at this point." Dkt. 12 at 11. It may well have been productive to devote some of the reply brief to an issue that was provided by the ALJ as a basis for finding that Plaintiff's impairments were not severe.

REPORT AND RECOMMENDATION
PAGE - 5

alleged onset date (AR 350), because the reasons he provided for doing so were not persuasive, specific, and valid, and supported by the record, as required in the Ninth Circuit. *See McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002).

The ALJ noted that the VA applied a different standard in assessing Plaintiff's impairments, namely the VA considered whether Plaintiff could "secure and maintain gainful employment," whereas the Commissioner's inquiry pertains to whether a claimant can perform substantial gainful activity. (AR 26.) Given this distinction between the standards applied, and the fact that the work Plaintiff performed from 2004 to 2006 constituted substantial gainful activity, the ALJ found that the 70% VA rating had "little value in a Social Security disability proceeding." (*Id.*)

Plaintiff emphasizes that "sporadic work attempts do not negate disability[,]" and notes that she did not perform any gainful work between 2006 and 2011. Dkt. 10 at 12-13. But Plaintiff's work between 2004 and 2006 was not sporadic: the ALJ found that this work constituted substantial gainful activity, and this finding is unchallenged. (AR 21.) Plaintiff reported that during this time period, she worked 10 hours per day, seven days per week. (AR 192.) The ALJ did not err in finding that this type of work activity was inconsistent with Social Security disability, but apparently not with VA disability, and this difference constitutes a persuasive, specific, and valid reason supported by the record as to why the VA rating was not probative in the Social Security context.

## RFC

Plaintiff's opening brief purports to allege error in the ALJ's RFC assessment. Dkt. 10 at 13-16. But the ALJ did not assess Plaintiff's RFC, because the disability inquiry ended at step two. (AR 19-26.) Furthermore, Plaintiff assigns error to the ALJ's assessment of an opinion that

post-dates the adjudicated period, and vocational testimony based on Plaintiff's subjective testimony, but neither of those sources of evidence pertain to the ALJ's step-two findings, which ended the disability inquiry. Accordingly, Plaintiff's briefing on this issue does not establish error in the ALJ's decision.

## CONCLUSION

For the reasons set forth above, the Court recommends this matter should be AFFIRMED.

## DEADLINE FOR OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14)** days of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within fourteen (14) days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **May 5, 2017**.

DATED this 20th day of April, 2017.

Mary Alice Theiler
United States Magistrate Judge